# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JENNIFER ZUNIGA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPARC GROUP LLC d/b/a AEROPOSTALE,<br><br>Defendant. | Case No. 21-cv- |

## NOTICE OF REMOVAL

Defendant Sparc Group LLC d/b/a Aeropostale ("Defendant"), by and through its counsel of record, hereby gives notice of removal of this action from the Seventeenth Judicial Circuit Court in and for Broward County, Florida to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446. In support, Defendant respectfully states as follows:

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1.     On November 9, 2021, Plaintiff Jennifer Zuniga ("Plaintiff") commenced this putative class action, captioned as *Jennifer Zuniga v. Sparc Group LLC d/b/a Aeropostale*, Case Number CACE-21-020242, against Defendant in the Seventeenth Judicial Circuit Court in and for Broward County, Florida ("State Court Action").

2.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the operative complaint against Defendant ("Complaint" or "Compl.") in the State Court Action is attached to this Notice as **Exhibit A**, and true and correct copies of all other process, pleadings, and orders purportedly served upon Defendant in the State Court Action are attached to this Notice as **Exhibit B**.

3.     A true and correct copy of the Register of Actions from the State Court Action is

attached to this Notice as **Exhibit C**.

4. Plaintiff purportedly served Defendant with the Summons and the Complaint in the State Court Action on November 10, 2021. A true and correct copy of the Affidavit of Process Server is attached to this Notice as **Exhibit D**. This notice is therefore timely pursuant to 28 U.S.C. § 1446(b).

## JOINDER

5. No other defendants have been named in this action, and therefore, no joinder of additional defendants to this removal is necessary.

## RELEVANT ALLEGATIONS

6. Plaintiff's single-count Complaint seeks relief from Defendant, on behalf of herself and a putative class of similarly-situated persons, for allegedly making or causing to be made unlawful telephonic sales calls without prior express written consent in violation of the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059.  *See* Compl. ¶¶ 1, 4, 18-27.

7. More specifically, Plaintiff alleges, *inter alia*, that (i) "Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of consumers listed throughout Florida without their prior express written consent" in violation of the FTSA; (ii) "Defendant made and/or knowingly allowed telephonic sales calls to be made" in this case; (iii) "the [putative] Class members number in the several thousands, if not more"; (iv) "Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories"; and (v) "the aggregate damages sustained by [Plaintiff and] the [putative] Class are in the millions of

dollars." *Id*. ¶¶ 19, 20, 24, 26, 33-34. Plaintiff further alleges that she received sixteen text messages[1] sent by or on behalf of Defendant.

8. The Complaint seeks statutory damages in the amount of at least $500.00 per violation, declaratory and injunctive relief and "any other available legal or equitable remedies." Compl. ¶¶ 4, 35, Prayer. Furthermore, statutory damages may be trebled under the FTSA for willful or knowing violations, up to $1,500 per violation. Fla. Stat. § 501.059(10)(b).

9. Defendant disputes Plaintiff's allegations, believes the Complaint lacks merit, and denies that Plaintiff or the putative class has been harmed in any way or that this case is capable of or appropriate for class treatment. By seeking removal, Defendant does not waive any arguments with respect to the Complaint.

## CAFA JURISDICTION

10. This Court has jurisdiction over this case pursuant to the Class Action Fairness Act ("CAFA"), specifically 28 U.S.C. § 1332(d)(2) & (5), which together provide, *inter alia*, that "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which … any member of a class of plaintiffs is a citizen of a State different from any defendant. . . ." and require that the proposed class must contain at least 100 persons. *See also Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) (summarizing CAFA removal requirements); *Miedema v. Maytag Corp.,* 450 F.3d 1322, 1327 (11th Cir. 2006) (same), *abrogated on other grounds by Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014). As shown below, this case meets all of these requirements.

---

[1] Text messages are expressly included in the definition of "telephonic sales call" under the FTSA. Fla. Stat. § 501.059(1)(j).

11. <u>First</u>, the State Court Action is a "class action" under 28 U.S.C. § 1332(d)(2), because Plaintiff seeks to represent a class of similarly situated individuals pursuant to Florida Rules of Civil Procedure 1.220(b)(2) and (b)(3). Compl. ¶¶ 1, 4, 18-27; *see also Senger Bros. Nursery, Inc. v. E.I. Dupont de Nemours & Co.*, 184 F.R.D. 674, 682 (M.D. Fla. 1999) ("Florida Rule of Civil Procedure 1.220 is patterned after Federal Rule of Civil Procedure 23.").

12. <u>Second</u>, there is minimal diversity between Plaintiff and members of the proposed class, all of whom are allegedly Florida residents (Compl. ¶¶ 5, 18), on the one hand, and Defendant, which Plaintiff alleges is a "foreign corporation" with its principal place of business in Lyndhurst, New Jersey (*id*. ¶ 6), on the other. *See, e.g., McDaniel v. Fifth Third Bank*, 568 F.App'x. 729, 731 (11th Cir. 2014) (accepting Plaintiff's allegations as true for purposes of the court's jurisdictional analysis); *Cooper v. R.J. Reynolds Tobacco Co.*, 586 F. Supp. 2d 1312, 1315 (M.D. Fla. 2008) (minimal diversity existed because all plaintiffs were Florida citizens and defendant was a citizen of Virginia).

13. <u>Third</u>, the possible class number and amount in controversy exceed the requisite minimums under CAFA based on the face of Plaintiff's Complaint alone. *See, e.g., Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements" and may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable."); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met); *Fox v. Ritz-Carlton Hotel Co., L.L.C.*, 977 F.3d 1039, 1045 (11th Cir. 2020) ("'If the jurisdictional amount is either stated clearly on the face of the documents before the court,

or readily deducible from them, then the court has jurisdiction.'") (quoting *Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118, 1122 n.8 (11th Cir. 2010)).[2]

14. In particular, as noted above, Plaintiff alleges that (i) Defendant unlawfully contacted "thousands of consumers" in violation of the FTSA; (ii) "the [putative] Class members number in the several thousands, if not more"; and (iii) her claim (*i.e.,* that she allegedly received at least sixteen violative text messages that were "knowingly" made by or behalf of Defendant) are "typical" of the putative class members' claims. Compl. ¶¶ 19, 20, 24. Conservatively assuming that "thousands" of class members as Plaintiff alleges means at least 2,000 persons, the potential number of class members easily exceeds the CAFA threshold of 100. *See* 28 U.S.C. § 1332(d)(5).

15. Further, based on the allegations in the Complaint and reasonable deductions and inferences to be drawn thereon, the alleged amount in controversy in this case easily exceeds $5,000,000. *See Roe,* 613 F.3d at 1061-1062; *Williams,* 269 F.3d at 1319; *Fox,* 977 F.3d at 1045. For example, conservatively estimating that the putative class members received more than one violative text like Plaintiff allegedly did (*i.e.,* that Plaintiff's claims are truly "typical" of the putative class), and that each putative class member would be entitled to up to $1,500 in trebled statutory damages under the FTSA for each of these alleged "knowing" violations, it is plausible

---

[2] Defendant does not concede Plaintiff, or any putative class member is entitled to damages, nor is it required to do so for present purposes. *See, e.g., Anderson v. Witco Life Ins.* Co., 943 F.3d 917, 925 (11th Cir. 2019) ("A defendant seeking to remove a case to federal court must file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'") (citation omitted); *Mangano v. Garden Fresh Rest. Corp.*, 2015 WL 5953346, at *1 (M.D. Fla. Oct. 13, 2015) ("A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount."); *Dudley v. Eli Lilly & Co.,* 778 F.3d 909, 913 (11th Cir. 2014) ("'[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.' [] Moreover, at the jurisdictional stage, 'the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover.'") (quoting *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 751, 754 (11th Cir. 2010)).

that the amount in controversy alleged in this Complaint exceeds the CAFA minimum threshold (*i.e.*, 2,000 putative class members, multiplied by two (2) texts each, multiplied by $1,500 per text in trebled damages equals $6 million). If each class member "typically" received the same number of texts as Plaintiff, the alleged amount in controversy significantly exceeds $5 million (*i.e.*, 2,000 putative class members, multiplied by sixteen (16) texts each, multiplied by $1,500 per text in trebled damages equals $48 million). Courts in the Eleventh Circuit and elsewhere routinely calculate the amount in controversy for removal purposes in this fashion.[3] *See, e.g., Doss v. Am. Fam. Home Ins. Co.*, 47 F. Supp. 3d 836, 840 (W.D. Ark. 2014) ("Using the named Plaintiffs as 'typical' class members and multiplying their claims by the number of persons estimated in a class is precisely how courts generally determine the estimated amount in controversy" under CAFA); *Torres v. Countrywide Home Loans, Inc.*, 2014 WL 3742141, at *2 (S.D. Fla. July 29, 2014) (calculating amount in controversy under CAFA in this manner, holding that "if every member of the proposed class has a claim worth the same amount as Plaintiff's, the amount in controversy is easily satisfied"); *Bayberry Lakes Homeowners Ass'n, Inc. v. Boeneman*, 2018 WL 6680993, at *1–2 (M.D. Fla. Sept. 28, 2018) (concluding multiplying the amount of damages of one plaintiff across the putative class clearly shows the damages meet the CAFA jurisdictional threshold) (citing *Pretka*, 608 F.3d at 769)); *Bankhead v. Castle Parking Sols., LLC*, 2017 WL 10562976, at *3 (N.D. Ga. Dec. 1, 2017) (determining amount in controversy based on allegations in the complaint alone, using plaintiff's estimates regarding damages and potential class size as a "base amount"); *Scott v. Ing*

---

[3] Defendant acknowledges that, in *Pretka*, the Eleventh Circuit held that "[t]he typicality element of a class action, by itself, does not allow us to infer that the *amounts* of the named plaintiffs' claims are similar to those of other class members." 608 F.3d at 769 (emphasis in original). Here, the Court need not infer any amounts and need only look to the Complaint. Indeed, according to the Complaint, each putative class member would be entitled to $500 or $1,500 per unlawful text, would had to have received at least one such text to be in the class, possibly (and more than likely) received more than one text like Plaintiff supposedly did, and may have received as many as sixteen texts assuming Plaintiff's claim is truly "typical" as alleged.

*Clarion Partners, LLC,* 2006 WL 3191184, at *4 (N.D. Ga. Oct. 31, 2006), *aff'd*, 262 F. App'x 983 (11th Cir. 2008) (calculating the amount in controversy for the class by multiplying amount of plaintiff's alleged damages by size of class).[4] Thus, all the CAFA requirements are met here.

## CONCLUSION

16.     Defendant, having satisfied all requirements for removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully submits this Notice of Removal, requests that the State Court Action be removed to this Court, and requests that the Court assume full jurisdiction over the case herein as provided by law.

WHEREFORE, Defendant hereby respectfully removes this civil action to this Court.

Dated: December 9, 2021                                  Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Yaniv Adar
　　　　　　　　　　　　　　　　　　　　　　　　Josh Migdal, Esq. (FBN 19136)
　　　　　　　　　　　　　　　　　　　　　　　　Yaniv Adar, Esq. (FDN 63804)
　　　　　　　　　　　　　　　　　　　　　　　　MARK MIGDAL & HAYDEN
　　　　　　　　　　　　　　　　　　　　　　　　80 S.W. 8th Street, Suite 1999
　　　　　　　　　　　　　　　　　　　　　　　　Miami, Florida 33130
　　　　　　　　　　　　　　　　　　　　　　　　Telephone: (305) 374-0440
　　　　　　　　　　　　　　　　　　　　　　　　josh@markmigdal.com
　　　　　　　　　　　　　　　　　　　　　　　　yaniv@markmigdal.com
　　　　　　　　　　　　　　　　　　　　　　　　eservice@markmigdal.com

　　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Sparc Group LLC d/b/a Aeropostale*

---

[4] *See also Napoli v. HSBC Mortg. Servs. Inc.,* 2012 WL 3715936, at *2 (D.N.J. Aug. 27, 2012) ("Because Plaintiffs' claims are alleged to be typical of the class, it is reasonable for this Court to simply multiply their purported damages amount by the number of foreclosures alleged in the Complaint.") (collecting cases); *Alper v. Select Portfolio Servicing, Inc.*, 2019 WL 3281129, at *3 (D. Mass. July 19, 2019) ("Because named plaintiffs purport to represent a class, their alleged damages provide an appropriate basis on which to calculate the damages of a typical class member."); *In re Blackbaud, Inc.*, 2021 WL 1940581, at *5 (D.S.C. May 14, 2021) (ruling similarly).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, December 9, 2021, I electronically filed the foregoing with the Court using the CM/ECF system.

By: /s/ *Yaniv Adar*
     Yaniv Adar, Esq.
